Requestor: David J. Gilmartin, Esq., Village Attorney Village of Southampton 23 Main Street Southampton, New York 11968-4899
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have referred to a prior opinion of this office (1988 Op Atty Gen [Inf] 87), concluding that the designation of a term of office by the appointing authority that is inconsistent with the statutory term has no effect and the appointee will serve for the legal term of office. You have asked if such a person legally holds office if he or she has not taken or filed the required oath of office for the full statutory period.
In our prior opinion, we concluded that the officer appointed for the wrong term would serve for the legal term. The New York State Constitution specifies the oath of office required of all executive and judicial officers as follows:
 "I do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of . . ., according to the best of my ability." NY Const., Art XIII, § 1.
Under this oath, the officer swears to faithfully discharge the duties of the particular office. In our view, the taking of such an oath by an officer would apply to his legal term of office. In other words, there would be no need for an officer appointed for a wrong term to take a second oath for the portion of the legal term of office extending beyond the shorter term specified by the appointing authority. The oath of office by its terms provides a declaration that the office holder will faithfully discharge the duties of the office. Those duties are carried out during the legal term of the office.
We conclude that a second oath of office need not be taken by an officer appointed for a wrong term as to that portion of the legal term extending beyond the term specified by the appointing authority.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.